UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

TAE KIM,                             :

                  :     **FIRST AMENDED COMPLAINT**

          Plaintiff,      :

                  :

    -against-           :     **Case No.: 14-cv-03840 (CBA) (MDG)**

                  :

MAJOR AUTOMOTIVE GROUP, and HAROLD  :

BENDELL, CHRIS ORSARIS, DINO "DOE", and  :     **Jury Trial Demanded**

JAMES "DOE" in their individual capacity as

aiders and abettors,               :

          Defendants.     :

                  :

------------------------------------------------------------ x

Plaintiff, **TAE KIM** (*hereinafter* "Plaintiff"), by and through his attorneys, **ZABELL &**

**ASSOCIATES, P.C.** complains and alleges as follows:

## INTRODUCTORY STATEMENT

1.    Plaintiff brings this action seeking monetary damages and affirmative relief based upon

Defendants' **MAJOR AUTOMOTIVE GROUP**, and **HAROLD BENDELL, CHRIS**

**ORSARIS, DINO "DOE"**, and **JAMES "DOE"** (*hereinafter* collectively "Defendants")

violations of: the Fair Labor Standards Act of 1938 (*hereinafter* "FLSA"), as amended, 29

U.S.C. § 201, *et seq.*; New York Labor Law § 190, *et seq.*; New York Department of Labor

Regulations ("NYDOL Regs"), 12 N.Y.C.R.R. §§ 142-2.1 – 142-2.2; New York State Human

Rights Law (*hereinafter* "NYSHRL"), as amended, New York Executive Law § 290, *et seq.*;

the New York City Human Rights Law (*hereinafter* "NYCHRL"), as amended, New York City

Administrative Code § 8-101, *et seq.*; and other appropriate rules, regulations, statutes and

ordinances.

2.   Plaintiff alleges, pursuant to the FLSA, 29 U.S.C. § 201, *et seq.* that he is entitled to recover from Defendant: (1) a statutory minimum wage for all hours worked, (2) liquidated damages, and (3) attorneys' fees and costs.

3.   Plaintiff alleges, pursuant to the New York Labor Law § 190, *et seq.*, that he is entitled to recover from Defendant: (1) a statutory minimum wage for all hours worked, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

5.   This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367 and other appropriate rules, regulations, statutes and ordinances.

6.   This Court has jurisdiction over all discriminatory violation claims brought in this action pursuant to New York Executive Law § 296, *et seq.*

7.   This Court has jurisdiction over all discriminatory violations claims brought in this action pursuant to New York City Administrative Code § 8-107, *et seq.*

8.   The unlawful employment practices alleged below were committed within the State of New York, County of Queens. Accordingly, this action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

9.   This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## **THE PARTIES**

10.    Plaintiff is a citizen of New York and resides in the County of Queens.

11.    At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, and Section 190 (2) of the New York Labor Law.

12.    At all times relevant to the Complaint, Plaintiff was a "commission salesman" within the meaning of Section 190 (6) of the New York Labor Law.

13.    Upon information and belief, Defendant **Major Automotive Group**, (*hereinafter* "Major Auto") is a domestic corporation operating in Queens County at 43-40 Northern Boulevard, Long Island City, New York 11101.

14.    At all times relevant to the Complaint, Defendant Major Auto has been an "employer" within the meaning of Section 3(d) of the FLSA, Section 190 (3) of the New York Labor Law, Section 292 (5) of the NYSHRL, and Section 8-102 of the NYCHRL.

15.    Due to his status as a Principal at Major Auto, Defendant **HAROLD BENDELL** maintained control over, oversaw, and directed the operations of the corporate Defendant Major Auto, including, but not limited to its payroll and employment practices and therefore, is being sued in his individual capacity as an aider and abettor.

16.    Due to his status as General Manager at Major Auto, Defendant **CHRIS ORSARIS** maintained control over, oversaw, and directed the operations of the corporate Defendant Major Auto, including, but not limited to its payroll and employment practices and therefore, is being sued in his individual capacity as an aider and abettor.

17.    Due to his supervisory status at Major Auto, Defendant **DINO "DOE"** maintained control over, oversaw, and directed the operations of the corporate Defendant Major Auto, including, but not limited to its payroll and employment practices and therefore, is being sued in his individual capacity as an aider and abettor.

18.    Due to his supervisory status at Major Auto, Defendant **JAMES "DOE"** maintained control over, oversaw, and directed the operations of the corporate Defendant Major Auto, including, but not limited to its payroll and employment practices and therefore, is being sued in his individual capacity as an aider and abettor.

19.    Upon information and belief, at all times relevant to the Complaint, the corporate Defendant Major Auto has been an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. § 203(r)(1), due to its operation of an automotive dealership.

20.    Upon information and belief, at all times relevant to the Complaint, the corporate Defendant Major Auto employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to its operation of an automotive dealership.

21.    Upon information and belief, at all times relevant to the Complaint, the corporate Defendant Major Auto employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203 (s)(1) in connection with its operation of an automotive dealership.

22.  Upon information and belief, at all times relevant to the Complaint, the corporate Defendant Major Auto employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (k), (r)(1), (s)(1)  in connection with its operation of an automotive dealership.

## FACTS

23.  Plaintiff repeats and realleges each and every allegation contained herein.

24.  Plaintiff is an Asian-American male of Korean National origin.

25.  Plaintiff was hired by the corporate Defendant Major Auto in or about November 2004 as a commission salesman. In such a capacity, Plaintiff sold both new and used vehicles.

26.  Plaintiff was to be compensated pursuant to the terms and conditions of a commission agreement which was executed by Plaintiff and Defendant Major Auto.

27.  For used car sales, Plaintiff was scheduled to receive a 20% sales commission provided for in a written sales commission agreement.

28.  By way of comparison, on new sales, Plaintiff received an undetermined commission which was never reduced to writing and which fluctuated according to the whim of management throughout his tenure regardless of the gross profit on the vehicles sold.

29.  Throughout the term of Plaintiff's employment with Defendants, he performed the essential functions of his position in a more than satisfactory manner and generated substantial sales and revenue for Defendants' benefit.

5

30.   Despite this fact, at all times relevant herein, Defendants routinely violated the terms of
      Plaintiff's commission agreement for used car sales.

31.   Specifically, throughout his tenure, Defendants, without advising Plaintiff, deviated from the
      terms and conditions of the commission agreement.

32.   Specifically, Plaintiff was denied compensation for all earned commission at the rate of 20%
      as stipulated by his commission agreement with Defendant Major Auto. Defendants
      intermittently discounted Plaintiff's commission percentage without a legitimate basis, often
      providing Plaintiff with little or no compensation during certain workweeks. In many
      instances, this practice caused Plaintiff to earn less than the applicable minimum wage in
      certain work weeks in violation of the FLSA and New York Labor Law.

33.   In addition, Defendants manipulated the gross profits on vehicles sold by Plaintiff by
      charging "PAC's". PAC's are chargebacks against earned commission designed to diminish
      Plaintiff's earned sales commissions which were never agreed to by Plaintiff. PAC's were
      not attributable to legitimate expenses or expenditures associated with the sale of vehicles in
      question. Consistent with this fact, upon Plaintiff's hire Defendants took $495 per sale in
      PAC's. Upon the 2014 cessation of his employment, Defendants applied PAC's of $2,600 to
      each of Plaintiff's sales.

34.   In addition to PAC's, in 2013, Defendants unlawfully deducted the sum of $666 from three
      (3) of Plaintiffs paychecks to recoup a previously earned sales commission. Defendants'
      deductions totaled $1,998 all of which represented Plaintiff's earned wages.

35.   Defendants undertook this action because they claim Plaintiff sold the vehicle in question at
      too low a price. In actuality, the stated reason for this unlawful deduction from pay was

pretextual because all of Plaintiff's sales were subject to manager approval. Plaintiff possessed neither the actual or apparent authority to sign off on his own sales.

36.    In addition to serious violations of the governing wage and hour laws, Plaintiff was subject to unlawful discrimination predicated upon his race the existence of which caused Plaintiff to suffer numerous adverse employment actions.

37.    Specifically, prior to the cessation of his employment and over the course of several previous years, Plaintiff had been promised a promotion to a "sales manager" position. Despite Plaintiff's qualifications for the position, he was routinely passed over by Defendants for the stated reason that he does not speak Spanish. Defendants claim to have established this skill as a pre-requisite for the position. However, in actuality, since 2011, Defendants promoted no fewer than three (3) individuals to sales manager positions none of whom spoke Spanish and none of whom are Asian.

38.    In addition to being passed over for promotion, throughout his tenure, Plaintiff was subject to a series of unlawful comments, jokes and innuendo all predicated upon Plaintiff's race. These actions were undertaken by the corporate Defendant Major Auto's management and supervisory personnel and the individual Defendants in this action (Dino "Doe", Harold Bendell, and James "Doe"). These comments included, but were not limited to the following:

      i.       James "Doe" regularly called Plaintiff a "ninja" and referred to him as being "Chinese", despite the fact he knew Plaintiff is of Korean national origin;

     ii.      Harold Bendell called Plaintiff a "Chinaman" in a sales meeting in front of co-workers;

iii.     Dino "Doe" consistently mocked Plaintiff and utilized slang phrases for
Chinese individuals such as "sling ching"; and

iv.     Defendants mocked Plaintiff's manner of speech by utilizing an Asian accent
while addressing him.

39.     In addition to the foregoing, Defendants routinely steered customers away from Plaintiff
because of his race. The net effect of which diminished Plaintiff's ability to effectuate sales
and resulted in decreased compensation.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
(Failure to Pay Minimum Wage – FLSA Violation)

40.     Plaintiff repeats and realleges each and every allegation contained herein.

41.     On numerous occasions during Plaintiff's tenure, Defendants failed to compensate Plaintiff
at the applicable minimum wage during certain pay periods.

42.     As a result of the underpayment of wages alleged above, Plaintiff has incurred damages
thereby and the corporate Defendant Major Auto is indebted to Plaintiff in an amount to be
determined at trial.

43.     Upon information and belief, the records concerning the number of hours worked by Plaintiff
as well as the compensation Plaintiff received in each workweek are in the exclusive custody
and control of Defendants.

### SECOND CAUSE OF ACTION
(Failure to Pay Minimum Wage – New York Labor Law Violation)

44.     Plaintiff repeats and realleges each and every allegation contained herein.

8

45.   On numerous occasions during Plaintiff's tenure, Defendants failed to compensate Plaintiff at the applicable minimum wage during said pay periods.

46.   As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby and the corporate Defendant Major Auto is indebted to Plaintiff in an amount to be determined at trial.

47.   Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendants.

### THIRD CAUSE OF ACTION
### (Breach of Contract)

48.   Plaintiff repeats and re-alleges each and every allegation contained herein.

49.   The commission agreement entered into by Defendants determined the amount of commissions to be paid to Plaintiff.

50.   Defendants willfully breached the compensation plan by failing to compensate Plaintiff according to the commission structure set forth by the Agreement.

51.   By reason of Defendants' breach of the Agreement, Plaintiff has been damaged in an amount to be determined at trial plus interest.

### FOURTH CAUSE OF ACTION
### (Willful Failure to Pay Wages – New York Labor Law Violation)

52.   Plaintiff repeats and re-alleges each and every allegation contained herein.

53.   The earned sales commissions corporate Defendant Major Auto was contractually obligated to pay Plaintiff, as set forth herein, constitute wages within the meaning of Sections 190, 191 and 198 of the New York Labor Law.

9

54.   Defendant Major Auto's willful failure to pay Plaintiff earned commissions as set forth in the Agreement violates Section 191 (1) (c) of the New York Labor Law.

55.   Pursuant to Section 198 of the New York Labor Law, Plaintiff is entitled to statutory costs, attorneys' fees, and liquidated damages in the amount of twenty-five percent (25 %) of the total amount of wages found to be due.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment – Plead in the Alternative)

56.   Plaintiff repeats and realleges each and every allegation contained herein.

57.   Periodically, throughout his employment Defendants failed to provide Plaintiff with compensation in the form of earned sales commissions and statutory minimum wages.

58.   As a result of such actions, Defendants has been unjustly enriched and Plaintiff has suffered, and continues to suffer, tangible economic damages.

## SIXTH CAUSE OF ACTION
### (Unlawful Deductions from Wages – New York Labor Law Violation)

59.   Plaintiff repeats and realleges each and every allegation contained herein.

60.   Periodically, throughout Plaintiff's term employment with Defendant Major Auto, Plaintiff was not provided with earned sales commissions consistent with the requirements of his commission agreement.

61.   Defendants unlawfully made deductions from Plaintiff's pay without reason and failed to give Plaintiff a legitimate excuse.

62.   Defendants intentionally and fraudulently misrepresented its reason(s) for failing to provide Plaintiff's with all earned sales commissions and for deducting sums from his earned sales commissions.

63.     Defendants instituted a policy and practice of making unauthorized deductions in the form of reduced commissions earned by Plaintiff. Such a policy and practice was not undertaken for Plaintiff's benefit.

64.     Defendants fraudulently charged $14.83 in Union fees from Plaintiffs wages each workweek.

65.     Defendants unlawfully deducted the sum of $666 from three (3) of Plaintiff's paychecks to recoup a sales commission previously earned by Plaintiff.

66.     Defendants utilized "PAC" charge backs to lower the gross profit on vehicles sold by Plaintiff to lower his earned sales commissions. These fees ranged from $485 to $2600 on every sale effectuated by Plaintiff and Defendants failed to provide any justification, legitimate or other, for their actions.

67.     As a result of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial economic damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (NYSHRL - National Origin/Race Discrimination)

68.     Plaintiff repeats and realleges each and every allegation contained herein.

69.     Plaintiff has been discriminated against by Defendants on the basis of his race / national origin in violation of NYSHRL, in that Defendants engaged in a course of conduct that included, but is not limited to, repeated discriminatory comments and Plaintiff's preclusion from sales opportunities based upon his race.

70.     Plaintiff has been discriminated against by Defendants on the basis of his race in violation of NYSHRL, in that Defendants engaged in a course of conduct that included, but is not limited to repeated discriminatory comments and behavior regarding Plaintiff's race as a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe

11

and lasting embarrassment, humiliation and anguish, and other incidental and consequential

damages and expenses, all to Plaintiff's measure of damages in an amount to be determined

at trial.

### EIGHTH CAUSE OF ACTION
(NYCHRL - National Origin/Race Discrimination)

71.    Plaintiff repeats and realleges each and every allegation contained herein.

72.    Plaintiff has been discriminated against by Defendants on the basis of his race / national

origin in violation of the NYCHRL, in that Defendants engaged in a course of conduct that

included, but is not limited to repeated discriminatory comments and Plaintiff's preclusion

from sales opportunities based upon his race.

73.    As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to

suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to

Plaintiff's damage in an amount to be determined at trial.

74.    As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to

suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and

consequential damages, attorneys' fees, and expenses, all to Plaintiff's damage in an amount

to be determined at trial.

75.    The conduct of Defendants was undertaken in conscious disregard of Plaintiff's rights and he

is therefore entitled to an award of punitive damages.

### NINTH CAUSE OF ACTION
(NYSHRL – Aider & Abettor – Defendant Harold Bendell)

76.    Plaintiff repeats and realleges each and every allegation contained herein.

77.    The foregoing acts were aided and abetted by, and with the full knowledge and consent of

Defendant Major Auto by Defendant Harold Bendell in violation of § 296 (6) of the
NYSHRL.

78.    As a proximate result of Defendant Harold Bendell's actions, Plaintiff has suffered and
continues to suffer substantial loss of past and future earnings, bonuses, other employment
benefits, all to Plaintiff's damage in an amount to be determined at trial.

79.    As a further proximate result of Defendant Harold Bendell's actions, Plaintiff has suffered
and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other
incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to
be determined at trial.

### TENTH CAUSE OF ACTION
(NYSHRL – Aider & Abettor – Defendant Chris Orsaris)

80.    Plaintiff repeats and realleges each and every allegation contained herein.

81.    The foregoing acts were aided and abetted by, and with the full knowledge and consent of
Defendant Major Auto by Defendant Chris Orsaris in violation of § 296 (6) of the NYSHRL.

82.    As a proximate result of Defendant Chris Orsaris's actions, Plaintiff has suffered and
continues to suffer substantial loss of past and future earnings, bonuses, other employment
benefits, all to Plaintiff's damage in an amount to be determined at trial.

83.    As a further proximate result of Defendant Chris Orsaris's actions, Plaintiff has suffered and
continues to suffer severe and lasting embarrassment, humiliation and anguish, and other
incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to
be determined at trial.

## ELEVENTH CAUSE OF ACTION
(NYSHRL – Aider & Abettor – Defendant Dino "Doe")

84.     Plaintiff repeats and realleges each and every allegation contained herein.

85.     The foregoing acts were aided and abetted by, and with the full knowledge and consent of
        Defendant Major Auto by Defendant Dino "Doe" in violation of § 296 (6) of the NYSHRL.

86.     As a proximate result of Defendant Dino Doe's actions, Plaintiff has suffered and continues
        to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all
        to Plaintiff's damage in an amount to be determined at trial.

87.     As a further proximate result of Defendant Dino Doe's actions, Plaintiff has suffered and
        continues to suffer severe and lasting embarrassment, humiliation and anguish, and other
        incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to
        be determined at trial.

## TWELFTH CAUSE OF ACTION
(NYSHRL – Aider & Abettor – Defendant James "Doe")

88.     Plaintiff repeats and realleges each and every allegation contained herein.

89.     The foregoing acts were aided and abetted by, and with the full knowledge and consent of
        Defendant Major Auto by Defendant James "Doe" in violation of § 296(6) of the NYSHRL.

90.     As a proximate result of Defendant James Doe's actions, Plaintiff has suffered and continues
        to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all
        to Plaintiff's damage in an amount to be determined at trial.

91.     As a further proximate result of Defendant James Doe's actions, Plaintiff has suffered and
        continues to suffer severe and lasting embarrassment, humiliation and anguish, and other

incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

## DEMAND FOR A JURY TRIAL

92.     Plaintiff repeats and re-alleges each and every allegation herein of the Complaint with the same force and effect as if the same had been set forth at length herein.

93.     Plaintiff demands a trial by jury.


**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff, respectfully requests that this Court grant the following relief:

a.     On the First, Second, Third, Fourth, Fifth, Sixth, Seventh, & Eighth Claims for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

b.     Order Defendant to pay Plaintiff a reasonable sum for expenses pursuant to the Section 198 of the New York Labor Law;

c.     An award of punitive damages where allowed by statute;

d.     An award of liquidated damages where allowed by statute;

e.     Defendant be ordered to pay Plaintiff pre and post judgment interest;

f.     Order Defendant to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees where provided by statute;

g.     Declare Defendant violated the Fair Labor Standards Act and the New York State Labor Law; and

h.     Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
       September 10, 2014

                                         ZABELL & ASSOCIATES, P.C.



                              By: _____
                                         Saul D. Zabell, Esq.
                                         One Corporate Drive, Suite 103
                                         Bohemia, New York 11716
                                         Tel.: (631) 589-7242
                                         Fax: (631) 563-7475

16