United States District Court
Eastern District of New York

**REPORT AND RECOMMENDATION**
**14cv3840 (CBA)(MDG) Kim v. Major Automotive Group, et al.**

The Honorable Carol Bagley Amon, Chief Judge, referred to me the parties' motion [27] for approval of their settlement to report and recommend on the fairness of the proposed settlement.
This report summarizes and sets forth findings made on the record at a fairness hearing held on March 24, 2016 at which this Court recommended that the proposed settlement be approved.

1.  Based on this Court's familiarity with the action, including review of the submissions and consideration of the statements made at the hearing on March 24, 2016, I find that the settlement in the amount of $225,000 is fair and reasonable under the circumstances. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The settlement was negotiated at arms' length and the certainty of the settlement eliminates the costs and risks of further litigation.

2.  Plaintiff asserts claims for unpaid minimum wages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and the New York State Labor Law, N.Y. Labor Law, § 190 et seq. He also asserts claims arising from the defendants' failure to pay proper compensation for earned commissions, and for discrimination in employment on the basis of national origin and race arising from discriminatory comments made. As counsel advised, the settlement is intended to compensate plaintiff primarily for his discrimination claims brought under New York law.

3.  After conducting significant document discovery, a serious dispute remains as to the defendants' liability for unpaid minimum wages[1] under the FLSA. As counsel agree, plaintiff was paid

---

[1] Although this Court referred during the hearing to unpaid overtime pay, plaintiff does not assert any claim for such unpaid compensation and is not entitled, as a car salesman earning commissions, to overtime pay under the FLSA. See 29 U.S.C. § 213(b)(10(A).

substantial sales commissions, which were paid on a monthly basis. Any liability for unpaid minimum wages would arise from defendants' failure to pay plaintiff minimum wages on a weekly basis, and the law is unsettled in this regard.  In any event, plaintiff's counsel calculates that unpaid minimum wages and liquidated damages would amount to approximately $25,000, far less than the settlement.

4.     Although the settlement does not specify the amount for attorneys' fees, plaintiff's counsel's advises that he will receive a fee of $81,000 out of the settlement of $225,000, or 36% of the settlement.  Although the amount is higher than the one-third contingency fee award frequently approved by courts, this slightly higher contingency percentage is in accordance with the retainer agreement signed by plaintiff.  The fee amount is less than the fees counsel claims he would ordinarily charge for time spent at his normal hourly rates.

5.     In sum, I find that the settlement "reflects a sensible compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Chapman-Green v. Icahn House West, 2013 WL 658245, at *1 (S.D.N.Y. 2013); Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  I further find that the proposed settlement is fair and reasonable under the circumstances and recommend that it be approved.

6.     Objections to the report and recommendation must be filed within fourteen days.  Failure to file objections within the time specified waives the right to appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:     Brooklyn, New York
           March 24, 2016

                                        /s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE